IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


HOMER GARZA  and ELMINA GARZA,

        **Plaintiffs,**

vs.                                    **Civ. No. 02-0866 LCS/KBM**


GEORGE M. MOORE,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendant's Motion for Reference to

Bankruptcy Court filed September 4, 2002 *(Doc. 8)* and upon Plaintiff's Motion to Remand filed

August 16, 2002 *(Doc. 6)*.  Plaintiff filed a Response to the Motion for Reference to the

Bankruptcy Court on September 25, 2002 *(Doc. 16)*; Defendant filed a Reply on October 15,

2002 *(Doc. 18)* and a Notice of Completion on October 24, 2002 *(Doc. 17)*.  Defendant filed a

Response to the Motion to Remand on August 30, 2002 *(Doc. 7)* and Plaintiff's filed a Reply on

September 25, 2002 and a Notice of Completion of Briefing on September 30, 2002 *(Doc. 15)*.

The parties have each consented to having the United States Magistrate Judge conduct all further

proceedings in this case pursuant to 28 U.S.C. § 636 (c). *(See Docs. 5, 13)*.  The Court, having

considered the motions, the responses, the replies, the applicable law, and the interests of justice

finds that Plaintiffs' Motion to Remand is not well-taken and should be **DENIED**.  The Court

further finds that Defendant's Motion for Reference to the Bankruptcy Court is well-taken and

1

should be **GRANTED**.

## I.   BACKGROUND

Plaintiffs Homer and Elmina Garza filed a Complaint for Legal Malpractice/Negligence, Breach of Fiduciary Duty, Breach of Contract and Unfair Practices on May 28, 2002 in the Third Judicial District Court, Dona Ana County.  Notice of Removal *(Doc. 1)*; Compl. ¶1.  Defendant George Moore represented Plaintiffs in a Chapter 11 bankruptcy filed in the United States Bankruptcy Court of the District of New Mexico.  Compl. ¶¶11, 18.  The Complaint alleges various claims arising out of the Defendant's representation of Plaintiffs throughout the bankruptcy proceeding.  Compl. ¶¶ 19,21, 23-26; 28-30; 32-40.   Defendant was served on June 24, 2002.  Notice of Removal at ¶3 *(Doc. 1)*.  Defendant filed a Notice of Removal on July 19, 2002 seeking to remove the case to the United States District Court for the District of New Mexico.  Notice of Removal at ¶¶8, 11 *(Doc. 1)*.  Plaintiffs filed a Motion for Remand on August 16, 2002 *(Doc. 6),* seeking remand of this matter to state court.  Defendant filed a Motion for Reference to Bankruptcy Court on September 4, 2002 *(Doc. 8)*, seeking to have this matter referred to the Bankruptcy Court for the United States District Court, District of New Mexico.

## II.   ANALYSIS

**A.      Whether Plaintiffs' action against Defendant should be remanded to state court?**

Plaintiffs argue that the Court should remand this case to state court, on the basis of either mandatory or discretionary abstention, as described 28 U.S.C. § 1334(c)(1) or (c)(2).  Plaintiffs also argue that removal to this Court by the Defendant was procedurally flawed, requiring remand.  I first inquire as to whether the Court has jurisdiction to consider Plaintiffs' claims, and concomitantly, whether the doctrines of mandatory or discretionary abstention apply to the instant

case.

The jurisdiction of the district court and the bankruptcy judges over bankruptcy cases is set forth by relevant statute.  Title 28 U.S.C  Section 157 (a) states that each district court may provide that any or all cases under title 11 (11 U.S.C. §§ 101 *et seq*.) and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.  28 U.S.C § 157 (a) Section 157 (b)(1) provides that bankruptcy judges may hear and determine all cases under title 11, all core proceedings arising under title 11 or arising in a case under title 11.  28 U.S.C. § 157 (b)(1). Section 157 (b)(4) provides that non-core proceedings are not subject to the mandatory abstention provisions of 28 U.S.C. § 1334 (c)(2).  28 U.S.C. § 157 (b)(4).   As such "pursuant to referral under 28 U.S.C. § 157, bankruptcy courts have plenary jurisdiction over 'core' bankruptcy proceedings, but in 'non-core' proceedings may only, absent consent of the parties, 'submit proposed findings of fact and conclusions of law to the district court,' which then enters any final order or judgment.  *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1172 (10th Cir. 2000) (citing 28 U.S.C. § 157(c)(1) & (c)(2)).

The Supreme Court has described the jurisdiction of the bankruptcy courts as follows:

The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute. Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The district courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district."

*Celotex Corp. v. Edwards,* 514 U.S. 300, 307 (1985) (citing 28 U.S.C. § 1334(b)  and 28 U.S.C. § 157(a)).  Proceedings "related to" the bankruptcy include (1) causes of action owned by the

debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between

third parties which have an effect on the bankruptcy estate.  *Celotex*, 514 U.S. at 308 (citing 1

Collier on Bankruptcy P3.01[1]c[iv], p. 3-28 (15th ed. 1994)).

> **1.      Whether Plaintiffs' claims constitute a "core proceeding" or are "related to" the bankruptcy case?**

Defendant argues that Plaintiffs' claims against him arise out of his representation of

Plaintiffs as debtors in the bankruptcy case, thus constituting a core proceeding, thereby requiring

reference to the Bankruptcy Court for consolidation with the existing bankruptcy case. Def. Mot.

for Ref. to Bankr. Ct. at 1.  Defendant notes that he was retained and his services and

compensation were approved pursuant to Sections 327 and 328 of the Bankruptcy Code.  Def.

Mot. for Ref. to Bankr. Ct. at 4.

In their Response, Plaintiffs claim that their cause of action against Defendant is not a core

proceeding "in that the administration of the Chapter 11 bankruptcy estate of Plaintiffs is

substantially completed."  Pl. Response to Mot. for Ref. to Bankr. Ct. at 1.  Plaintiffs claim that

the creditors' liquidating plan was confirmed in October, 1998; the trustee has filed and requested

approval of his final report and discharge from his duties; and all of the assets of the estate have

been disposed of.  *Id*.  Plaintiffs' thus argue that their claims are subject to mandatory abstention

as prescribed by 28 U.S.C. § 1334 (c)(2).  *Id*. at 1-2.  In the alternative, Plaintiffs request that this

Court abstain from addressing their claims against Defendant "in the interests of justice, or in the

interests of comity with state courts or respect for state law" under 28 U.S.C. § 1334 (c)(1).  *Id*.

at 2.

The Supreme Court has recognized that the bankruptcy estate includes all kinds of

property, including tangible or intangible property, and causes of action. *United States v. Whiting*

*Pools, Inc.*, 462 U.S. 198, 204-205 & n.9 (1983).   In *Johnson, Blakely, Pope, Bokor, Ruppel &*

*Burns, P.A. v. Alvarez* (*In re Alvarez*), 224 F.3d 1273, 1276 (11th Cir. 2000), the Eleventh

Circuit[1] considered whether the debtor's legal malpractice cause of action is property of the

bankruptcy estate.  The Court concluded that the debtor's legal malpractice claim was indeed the

property of the bankruptcy estate.  *Id*.  The Court further noted "[t]he bankruptcy trustee is the

legal representative of the bankruptcy estate, with capacity to sue and be sued.  Thus, as we have

concluded that the legal malpractice cause of action at issue is property of [the debtor's]

bankruptcy estate, and as there is no indication in the record before us that the  trustee has

abandoned this claim, [the debtor]  may not maintain this suit without participation by the

trustee." *Alvarez*, 224 F.3d at 1279-80.  Although the debtor in *Alvarez* argued that the District

Court did not have jurisdiction over his malpractice claim, the Court noted that:

> 28 U.S.C. § 1334(b) provides that 'the district courts shall have original but not
> exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or
> related to cases under title 11.'  This provision creates jurisdiction in three
> categories of proceedings: those that "arise under title 11," those that 'arise in
> cases under title 11,' and those 'related to cases under title 11.'The bankruptcy
> court's jurisdiction is derivative of and dependent upon these three bases.  As the
> malpractice claim belongs to Alvarez's bankruptcy estate, the bankruptcy court
> clearly has 'related to' jurisdiction over it, as the value of the claim, if it has any,
> will inure to the benefit of the estate.

*Id*. (internal citations omitted).  Although the Court in *Alvarez* concluded that the malpractice

claim was not a "core proceeding," the Court nevertheless found that the claim belonged to the

debtor's bankruptcy estate, which required the participation of the trustee.  *Id*. at 1279-80. As

---

[1]      The parties have not identified and the Court has not found controlling Tenth
Circuit authority on point.  As such, the Court looks to the persuasive authority found in other
circuits for guidance.

such, the Court concluded that the trustee in bankruptcy was the appropriate person to urge

remand or abstention, matters which the Court instructed the bankruptcy court to address on

remand.  *Id*. at 1280.

The Fifth Circuit addressed the question of whether a malpractice action against a court-

appointed accountant constituted a "core" bankruptcy matter, or was one that is "related to" the

debtor's chapter 11 reorganization in *Southmark Corp. v. Coopers & Lybrand* (*In re Southmark*

*Corp*.), 163 F.3d 925, 930-32 (5th Cir. 1999), *cert. denied*, 527 U.S. 1004 (1999).  In *Southmark*,

the Fifth Circuit noted:

> That the bankruptcy court has some kind of jurisdiction over this malpractice
> action against court-appointed professionals is not in doubt.  But what the court
> can do with its jurisdiction depends first on whether the malpractice case is a
> "core" bankruptcy matter or one that is "related to" Southmark's reorganization
> case.   If the suit against Coopers [the accountant] is merely "related to"
> bankruptcy, the bankruptcy court was required to abstain from hearing it.  If,
> however, the controversy "lies at the core of the federal bankruptcy power,"
> bankruptcy law permits but does not require abstention.  The root issue is as
> simple–and complex–as that.

*Southmark*, 163 F.3d at 928-29 (internal citations omitted).  The Court noted that "[i]t is

somewhat disingenuous for Southmark to attempt to pry [its malpractice and related claims] out

of their bankruptcy setting.  Southmark's petition alleges *inter alia* claims for breaches of

fiduciary duty and of the contract whose terms were approved by the bankruptcy court . . . The

fee award was both approved by the bankruptcy court and subject to the bankruptcy court's later

disgorgement order.  In this case, the professional malpractice claims alleged against [the

accountant] are inseparable from the bankruptcy context."  *Id*. at 931.  The Court reasoned that

"[a] malpractice claim like the present one inevitably involves the nature of the services performed

for the debtor's estate and the fees awarded under the superintendence of the bankruptcy court; it

cannot stand alone."  *Id*. at 931.

Moreover, the Fifth Circuit is not alone in it recognizing that a professional malpractice claim may constitute a "core proceeding."[2]  *See, e.g., Billing v. Ravin, Greenberg, & Zackin*, 22 F.3d 1242, 1251 (9th Cir. 1994)(noting that "[t]he close connection between the malpractice action and the objections to fees leads us to conclude that the debtors' allegations of  malpractice are part of the process of allowance and disallowance of claims."); *In re Iannochino*, 242 F.3d 36, 49 (1st Cir. 2001) (finding that a subsequent malpractice claim against a debtor's bankruptcy attorney was precluded by *res judicata*, where the debtor had previously raised the issue of malpractice in the context of the fee petition);  *Slater Law Firm v. S. Parish Oil Co.,* 2002 U.S. Dist. LEXIS 19245, *8 (ED La. October 8, 2002)(finding that a malpractice claim against the debtor's attorney "is therefore a core proceeding within the exclusive jurisdiction of the bankruptcy court."); *Joe Conte Toyota, Inc. v. Howell,* 1997 U.S. Dist. LEXIS 5890, *4-5 (ED La. April 29, 1997)(a debtor's suit against its attorneys alleging malpractice before the bankruptcy court is a core proceeding); *In re SPI Communications & Marketing, Inc.*, 112 B.R. 507, 511 (NDNY 1990)(debtor's suit against bankruptcy attorney filed in state court constitutes core proceeding).  *But see*, *Tomaiolo v. Rodolakis (In re Tomaiolo)*, 2002 U.S. Dist. LEXIS 2039, *7 (D. Mass. February 6, 2002)(finding that although probably not a "core" proceeding, Court could

---

[2]      The Fifth Circuit noted in *Southmark* that "[a]lthough surprisingly few court of appeals cases have explored the boundaries of the bankruptcy courts' core jurisdiction in the wake of *Marathon* [*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1992)], at least three decisions are premised on the understanding that professional malpractice claims against court-appointed professionals are indeed core matters.  No appeals court decision has held otherwise."  *Southmark*, 163 F.3d at 932 (citing generally, *Billing v. Ravin, Greenberg, & Zackin*, 22 F.3d 1242, 1242 (9th Cir. 1994); *Walsh v. Northwestern Nat'l Ins. Co.*, 51 F.3d 1473, 1476 (9th Cir. 1995); *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 483 n. 4 (6th Cir. 1992)).

exercise "related to" jurisdiction over state malpractice claims).

The weight of authority and the circumstances of this case demonstrate that Plaintiffs' malpractice claims, which arose out of the alleged negligent legal representation by Defendant related to the bankruptcy, constitute a "core" proceeding. The Plaintiffs' legal malpractice claim is property of the bankruptcy estate. *See Alvarez*, 224 F.3d at 1279-80. Plaintiffs' malpractice claims relate to the alleged representation of Defendant in their chapter 11 reorganization. Compl. ¶21. Defendant's fee award was both approved by the bankruptcy court and paid from the bankruptcy estate, as was the accountant's in *Southmark*. *See Southmark,* 163 F.3d at 932. In this case, just as in the *Southmark* case, "professional malpractice claims alleged against [the Defendant] are inseparable from the bankruptcy context." *Id*.

Although the courts which have addressed the question have not uniformly found that professional malpractice claims constitute a "core proceeding," the bankruptcy court may still have jurisdiction over claims that are "related to" the bankruptcy. *Celotex*, 514 U.S. at 308 (citing 1 Collier on Bankruptcy P3.01[1]c[iv], p. 3-28 (15th ed. 1994)). The Seventh Circuit noted that although a debtor's legal malpractice claim did not constitute a "core proceeding," "[w]e believe that this action is related to the underlying bankruptcy cases, for its resolution may have a direct and substantial impact on the asset pool available for distribution to the estates." *Diamond Mortg. Corp. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990), *cert. denied,*498 U.S. 1089 (1991). Moreover, the Plaintiffs, like the debtor in *Alvarez*, assert that their cause of action arose directly out of the legal services provided to them by the Defendant prior to, and during their bankruptcy. *See Alvarez*, 224 F.3d at 1279. The Court in *Alvarez* concluded that "[a]s the malpractice claim belongs to Alvarez's bankruptcy estate, the bankruptcy court clearly has 'related

to' jurisdiction over it, as the value of the claim, if it has any, will inure to the benefit of the estate." *Id*. at 1280.  Similar facts and possible outcomes are raised by this case.   Whether or not Plaintiffs' claims are "core" proceedings under 28 U.S.C. § 157(b)(2), they are, at a minimum, unmistakably "related to" her bankruptcy proceeding, 28 U.S.C. § 157(c)(1), and may therefore be properly before the bankruptcy court.  *See Plotner v. AT&T Corp*., 224 F.3d 1161, 1171 (10th Cir. 2000).

Plaintiffs rely upon *Miramar Resources v. Webb (In re Miramar Resources)*, 176 B.R. 45, 54 (D. Colo. 1994), wherein the Bankruptcy Court of the District of Colorado concluded that a claim by the debtors of pre-petition legal malpractice did not constitute a "core proceeding." *Miramar Resources v. Webb (In re Miramar Resources)*, 176 B.R. 45, 54 (D. Colo. 1994).   The Court reasoned that "this proceeding cannot be core because Miramar's pre-petition legal malpractice claim arose under Oklahoma law prior to the bankruptcy case. It arose from a private right with independent existence outside Miramar's bankruptcy case." *Miramar*, 176 B.R. at 54. The Court in *Miramar*, however, dealt specifically with "pre-petition" malpractice (i.e., the alleged conduct occurred prior to and unrelated to the filing of the bankruptcy petition) as the attorney had filed a claim in the bankruptcy case for pre-petition attorneys fees. *Id*. at 46-47.  The question presented to the Court was whether the Plaintiffs' claim based on pre-petition professional malpractice constituted a "counterclaim by a bankruptcy estate against a person filing a claim against the estate, and thus a core proceeding" pursuant to 28 U.S.C. § 157 (b)(2)(C).  *Id*. at 47.  In this case, Plaintiffs' claims deal with Defendant's representation in the bankruptcy (Compl. ¶19), specifically, in advising the Plaintiffs immediately prior to the filing of their petition and in conduct during the bankruptcy proceeding.  Compl. ¶ 21.  This may be distinguished from

the facts in *Miramar*, where the malpractice claims arose before and independent of the

bankruptcy case.  *Miramar*, 176 B.R. at 46-47.

The approach of the Bankruptcy Court of the District of Colorado may be contrasted with

the approach of the Western District of Texas in *Simmons v. Johnson, Curney & Fields, P.C. (In*

*re Simmons)*, 205 B.R. 834, 841 (W.D. Tx.1997).  In *Simmons,* a case involving a post-petition

claim for malpractice by the debtor in a Chapter Eleven reorganization, the Court noted "we find

that those claims of malpractice which originated out of pre- and post-petition advise of counsel

concerning the bankruptcy itself are matters that fall within 'arising in' jurisdiction."  *Simmons v.*

*Johnson, Curney & Fields, P.C. (In re Simmons)*, 205 B.R. 834, 841 (W.D. Tx.1997).  Like the

claims of the debtor in *Simmons*, Plaintiffs' claims relate to "pre- and post-petition advise of

counsel concerning the bankruptcy itself".  *Simmons*, 205 B.R. at 841; Compl. ¶¶ 21, 29. In the

instant case, Plaintiffs argue that their claims against Defendant have no effect on the bankruptcy

estate.  However, Defendant was compensated for legal services provided to the Plaintiffs under

11 U.S.C. § 328 (Def. Response to Mot. to Remand at 2).  Plaintiffs seek damages which include

the attorneys fees paid to Defendant for legal services in the bankruptcy.  Compl. ¶43.  However,

return of these fees, which were paid from the bankruptcy estate, and are the property of the

bankruptcy estate, would inure to the benefit of the estate.  *See Alvarez*, 224 F.3d at 1279-80.

When Defendant filed a motion to withdraw as counsel for the Plaintiffs, Plaintiffs filed an

objection to Defendant's withdrawal as counsel, raised their claim of malpractice against

Defendant, and requested that the Bankruptcy Court permit them time to pursue a claim for

refund of the fees paid to Defendant.   (Def. Response to Mot. to Remand at 3).

Plaintiffs claim that their bankruptcy has been completed; Defendant argues that the

bankruptcy case remains pending to resolve all final issues, including the Plaintiffs' objections to the Trustee's final report.  (Def. Response to Mot. to Remand at 3).  The Bankruptcy Court is in the best position to make such a determination.  In any case, I find that this matter is a "core proceeding."

**2.      Whether this Court is required to or should abstain under 28 U.S.C. Section 1334 (c)(1) or (2)?**

Having noted that Plaintiffs' malpractice claims constitute a "core proceeding", I turn to whether this Court is required to abstain pursuant to 28 U.S.C. § 1334 (c)(2), which provides that "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate  jurisdiction."(28 U.S.C. § 1334 (c)(2))(emphasis supplied).

The Tenth Circuit has explained that "'core proceedings' in bankruptcy include proceedings that 'arise under' the Bankruptcy Code and 'arise in' bankruptcy cases, but do not include proceedings that are 'related to' a bankruptcy case." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997)(citing  28 U.S.C. § 157(b)-(c)(1)).   In making the determine of whether to abstain, the Tenth Circuit has noted that "abstention may apply to proceedings removed to a bankruptcy court. If abstention is required under section 1334(c)(2), a court may remand the proceeding to state court under 28 U.S.C. § 1452(b), which allows a court to remand a 'claim or cause of action on any equitable ground. . . .'" *Personette*,

204 B.R. at 775.  Mandatory abstention requires that the party seeking abstention file a timely

motion, that the proceeding is based upon a state law claim or state law cause of action, and that

the proceeding be "related to" a case under title 11 but not "arising under" title, which could not

have been commenced in a court of the United States.  28 U.S.C. § 1334 (c)(2).  The court is

required to abstain from hearing such proceeding if an action is commenced, and can be timely

adjudicated, in a state forum of appropriate jurisdiction. *Id.*

Having found that the Plaintiffs' malpractice claims constitute a "core proceeding," I

conclude that mandatory abstention under 28 U.S.C. ¶ 1334(c)(2) is inapplicable.  I therefore turn

to Plaintiffs' request for discretionary abstention under 28 U.S.C. ¶ 1334(c)(1).

Plaintiffs' argue that the Court should abstain from deciding their malpractice claims,

stating that the case at bar is a state law cause of action which will not benefit the Plaintiffs'

creditors.  Pl. Mot. for Remand at 11.  Plaintiffs rely upon *Burke v. Denington, Karcher, Slmond,*

*Ronan & Rainone v. Burke (In re Burke)* 194 B.R. 750, 760 (D.N.J. 1996), wherein the District

of New Jersey concluded that "the state court is better suited to decide claims based upon

attorney malpractice, many of which are based upon state principles of professional responsibility

and ethics."  *Burke v. Denington, Karcher, Slmond, Ronan & Rainone v. Burke (In re Burke)* 194

B.R. 750, 760 (D.N.J. 1996). The facts in *Burke* are, however, distinguishable.  First, the *Burke*

plaintiff sought to pursue legal malpractice claims against the debtor, as well as third-parties, who

were not parties to the bankruptcy, which arose out of a loan provided by plaintiff to an attorney

employed by the debtor law firm.  194 B.R. at 754-55.  The malpractice claims against the *debtor*,

a law firm, and attorneys of the firm were not based upon any representation of the plaintiff in the

bankruptcy, and were, in fact, entirely unrelated to the bankruptcy itself.  *Id.*  The *non-debtor*

defendants were the removing parties. 194 B.R. at 755.  As the New Jersey District Court

remarked:

> The entire Burke Action involves only "garden variety" contract and tort claims
> and is not against the bankruptcy estate. Further, substantive right under the
> Bankruptcy Code is at issue in the action. The facts giving rise to the contract
> involve pre-petition events and contracts, and the alleged breach occurred before
> the Debtor's bankruptcy filing. The contract claims therefore involve state law
> issues exist independently from the Debtor's Chapter 11 reorganization, and cannot
> be said to be an "integral part of the bankruptcy." The malpractice and negligence
> claims similarly involve pre-petition conduct, relate only peripherally to the
> bankruptcy itself, and invoke no substantive rights in bankruptcy.

*Burke*, 194 B.R. at 759 (internal citations omitted).

As previously noted, Plaintiffs' claims in this case are the property of the bankruptcy

estate.  *See, Celotex*, 514 U.S. at 308; *Alvarez*, 224 F.3d at 1276.  Any recovery would therefore

inure to the benefit of the estate.  *Id*. at 1780.  The Plaintiffs' claims relate to their representation

by Defendant immediately prior to and during the course of the bankruptcy proceeding, and thus

do not relate "only peripherally to the bankruptcy itself"; this is in contrast to the pre-petition

events and contracts involved in *Burke*.  *See* Compl. ¶21; *Burke*, 194 B.R. at 759.

The great weight of authority indicates that the Court may exercise jurisdiction over

Plaintiffs' claims, whether based upon "arising under" or "related to" jurisdiction. *See, e.g.,*

*Renaissance Cosmetics, Inc. v. Dev. Specialists Inc*., 277 B.R. 5, 20 (S.D.N.Y. 2002)(denying

motions for mandatory and discretionary abstention over state malpractice and related claims); *In*

*re Environmental Research & Dev., Inc.,* 46 B.R. 774, 780 (S.D.N.Y. 1985)(finding malpractice

claim "inextricably intertwined" with bankruptcy proceeding, thus retaining jurisdiction over the

claims); *Medina-Figueroa v. Heylinger,* 63 B.R. 572, 574-75 (D.P.R. 1986)(finding that debtors'

medical malpractice claims constituted a "core" proceeding, and finding permissive abstention

improper).  Given the relationship between Plaintiffs' claims and the bankruptcy proceeding, given

the fact that any recovery would inure to the benefit of the bankruptcy estate, recognizing that the

Defendant was paid out of the bankruptcy estate, that Defendant's fees were approved by the

Bankruptcy Court, and that Plaintiffs may have raised the issue of malpractice in response to the

fee petition,[3] it is apparent that the malpractice claims "cannot stand alone" and are "inextricably

intertwined" with the bankruptcy proceeding.  *Southmark*, 116 F.3d at ___, 1999 U.S. App.

LEXIS 245, \*19; *Environmental Research*, 46 B.R. at 780.[4]

Whether or not Plaintiffs' malpractice claims constitute a "core proceeding" under 28

U.S.C. § 157 (b)(2), such claims are, at a minimum, unmistakably "related to" their bankruptcy

---

[3]   Defendant notes that Plaintiffs raised their claim of malpractice against Defendant and requested that the Bankruptcy Court permit them time to pursue a claim for refund of the fees paid to Defendant.  Def. Resp. to Mot. for Remand at 3.  The degree to which this issue has been explored by the Bankruptcy Court is not apparent from the record.  As noted by the First Circuit in *Iannochino*, a subsequent malpractice claim may be precluded by *res judicata* if previously raised in the context of the fee petition.  *See Iannochino*, 242 F.3d at 49.  This issue is not related to the Court's inquiry into remand and reference to the Bankruptcy Court. I note only that parties may need to fully explore this issue at some future time.

[4]   Plaintiffs further claim that they are entitled to a jury trial on their malpractice claims, which would be precluded if this Court does not abstain from exercising jurisdiction over their claims, and refers this matter to the Bankruptcy Court.  Plaintiffs correctly note that finding that their malpractice claims constitute a "core proceeding" effectively denies them a jury trial. *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380,  392 (10th Cir. 1990) noting that although the Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials, "where the seventh amendment requires a jury trial to be held in bankruptcy, that trial must take place in the district court, sitting in its original jurisdiction in bankruptcy.).  However, in *Billings,* the Third Circuit, which had noted that a debtors' claims of legal malpractice against their bankruptcy counsel constituted a "core proceeding," found that the "the debtors have no right to a jury trial on the malpractice claims against their bankruptcy counsel, which are asserted as a defense to the attorneys' claim for fees." *Billings,* 22 F.3d at 1253.  Where the matter is a "core proceeding," as in this case, the Seventh Amendment right to a jury trial is not implicated. *Id.*   In any case, the Bankruptcy Court " is the appropriate court for determining whether or not a party is entitled to a jury trial." *Glannon v. Carpenter (In re Glannon),* 245 B.R. 2, 891 (D. Kans. 2000)(internal citations).

proceeding under 28 U.S.C. § 157 (c)(1) and may therefore be properly addressed by the

Bankruptcy Court.  *Plotner*, 224 F.3d at 1171.  Plaintiffs' claims should be determined in the

context of the bankruptcy proceeding.  I therefore conclude that this Court should not abstain

from deciding Plaintiff's claims.

**B.      Whether this case should be remanded to state court?**

        As a separate matter, I consider Plaintiffs' claim for remand on the basis of procedural

defects in the removal by Defendant, another basis for Plaintiffs' request that the Court remand

this case to state court.

        Title 28 Section 1446 (a)-(b) provides that a defendant seeking to remove a civil case

from state to federal court shall file "a short and plain statement of the grounds for removal

together with a copy of all process, pleadings, and Orders served upon such defendant within 30

days after receipt, through service or otherwise."  28 U.S.C. § 1334 (a)-(b).

        Plaintiffs claim that three documents were not attached to Defendant's notice of removal.

Pl. Mot. to Remand at 12 & Ex. 1-3.  Defendant claims that he attached all documents which he

had been served with to the Notice of Removal.  Notice of Removal at ¶7 *(Doc. 1)*.  Defendant

notes that he complied with D.N.M. LR-Civ. 81.1(a) when he filed the entire state court record

on August 19, 2002, transmittal of which is reflected on the Docket.  Def. Response to Mot. for

Remand at 11.  Plaintiffs, however, have neither alleged nor produced evidence to demonstrate

that Defendant had been served with the three documents not attached to the Notice of Removal.

Moreover, these documents were provided to the Court with the transmittal of the state court

record in accordance with D.N.M. LR-Civ. 81.1 (a).  This alleged defect is therefore not a

sufficient basis for remand.

Plaintiffs further allege that Defendant failed to timely remove, in contravention of 28 U.S.C. § 1446(b), which requires removal within thirty days after receipt, through service or otherwise. Plaintiffs' claim to have provided a copy of the Complaint by facsimile transmission to Norman Gagne on May 31, 2002. Pl. Mot. for Remand at 13 and Ex. 4. However, the letter of Mr. Gagne in response to Plaintiffs' facsimile transmission states that Mr. Gagne was not authorized to accept service for Defendant at that time. *Id*. at 13 and Ex. 5. Defendant claims that service was effected on June 24, 2002. Notice of Removal at ¶3 *(Doc. 1)*. The Supreme Court addressed the question of whether the time for removal begins to run at the time that a plaintiff sends a file-stamped copy of the complaint by facsimile transmission, or whether the time period specified by 28 U.S.C. § 1446 (b) commences when the defendant is formally. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999). The Supreme Court concluded that where a party is sent a copy of the complaint by facsimile transmission, but has not yet been served with the complaint and the summons, the time for removal begins to run at the time that the party is served with the summons. *Murphy*, 526 U.S. at 356. Plaintiffs argue only that Mr. Gagne was provided a courtesy copy of the Complaint by facsimile transmission. Pl. Mot. for Remand at 13 and Ex. 4. Defendant notes that he was served on June 24, 2002. Notice of Removal at ¶3 *(Doc. 1)*. Applying the reasoning of the Supreme Court in *Murphy*, it is apparent that Defendant's Notice of Removal, filed July 19, 2002, was timely pursuant to 28 U.S.C. § 1446 (b). There being no procedural defect in the Notice of Removal, Plaintiffs' Motion for Remand is not well-taken and should be denied.

**C.**     **Whether this matter should be referred to the Bankruptcy Court?**

As noted above, 28 U.S.C. § 157 (a) provides that any and all cases arising in, arising

under or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157 (a); *Celotex*, 514 U.S. at 307.  Having found that Plaintiffs' malpractice claims

constitute a "core proceeding", thus arising under Title 11, and having found that the Court

should not abstain from deciding Plaintiffs' claims, it is apparent that referral to the Bankruptcy

Court is required under 28 U.S.C. § 157 (a).  Therefore, in according with the Standing Order of

Reference of March 19, 1992, this matter should be referred to the Bankruptcy Court for the

District of New Mexico.

**CONCLUSION**

For the foregoing reasons, I conclude that Plaintiffs' Motion for Remand on the bases of

either abstention or procedural defect is not well-taken and should be **DENIED** and that

Defendant's Motion for Reference to the Bankruptcy Court is well-taken and should be

**GRANTED**.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Remand is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Reference to the Bankruptcy

Court is **GRANTED**;

**FINALLY, IT IS ORDERED** that this matter should be referred to the Bankruptcy

Court for the District of New Mexico in accordance with the Standing Order of Reference of

March 19, 1992.

**IT IS SO ORDERED.**


_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**